### PRIMMER et al. v. PRIMMER.

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

1. WILLS (§ 55*)—TESTAMENTARY CAPACITY—EVIDENCE—SUFFICIENCY.

Evidence *held* sufficient to support a finding of testamentary capacity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 137–158, 161; Dec Dig. § 55.*]

2. WILLS (§ 52*)—EXECUTION AND ATTESTATION—BURDEN OF PROOF—"DUE ATTESTATION, EXECUTION, AND VALIDITY."

While the proponents of a will must satisfy the surrogate, as a condition to probate, that the will was executed with all of the formalities required, and if testator was blind it was necessary to show that he was made aware of the full contents of the paper, such rules relate to probate, and not to contest thereof; and under Code Civ. Proc. § 2653a, giving contestants an opportunity for a new trial of the issues, providing that a decree of the surrogate admitting the will shall be prima facie evidence of the "due attestation, execution, and validity" of such will, the burden of proof is on the party asserting that such will or codicil was not duly attested, executed, etc.; "due attestation, execution, and validity" meaning lawful attestation, execution, and validity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 101–110; Dec. Dig. § 52.*]

Appeal from Trial Term, Otsego County.

Action by Sarah S. Primmer and others against Clara E. Primmer, individually and as executrix. From a judgment for defendant, and from an order denying motion for new trial, plaintiffs appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Pierce H. Russell, of Troy, for appellants.
Gibbs, Holmes, Waterman & Holmes, of Oneonta (Clarence E Holmes, of Oneonta, of counsel), for respondent.

WOODWARD, J.   John D. Primmer died at the city of Oneonta, in March, 1912, leaving a last will and testament.   The will was dated July 19, 1899, and subsequently, and on the 17th day of March, 1911, nearly one year before his death, the decedent made and executed a codicil to such last will and testament.   Both of these papers were duly probated by the surrogate of Otsego county, and this action was brought under the provisions of section 2653a of the Code of Civil Procedure to test the validity of such probate.   The case was tried and submitted to the jury upon the single question of the testamentary capacity of the decedent at the time of executing the codicil to the will; the learned court having held that there was no evidence to support the allegations of undue influence, fraud, etc., alleged in the complaint. The jury found in favor of the defendants, sustaining the codicil, and appeal comes to this court.

[1] There can be no question that there was evidence to support the contention of the defendants.   The change made in the will was not an unnatural one.   It merely changed, so far as the effect of the will is concerned, the disposition of a single piece of real estate, which was given in fee to testator's daughter, who lived at home with him, in the place of a life use, as fixed in the original will.   This daughter had remained unmarried and attended to the household duties of the father, and it is entirely natural and proper that he should, after years of such service, conclude that she was entitled to the fee, rather than to a mere life use, and especially so as there appears no good reason why the other children should be preferred.   There was some evidence that the testator, who was 82 years of age at the time of making the codicil, was in the early stages of senile dementia at the time of making the will; but there was likewise evidence fairly tending to show that he fully comprehended what he was doing, and the verdict of the jury ought not to be disturbed, in the absence of error in the conduct of the case.

The only question necessary to consider is the charge of the court; it being urged on the part of the plaintiffs that there was error in refusing to charge the plaintiffs' request as to the burden of proof.   The court had charged the jury that there was but one issue to be determined, and that was the testamentary capacity of the testator on the 17th day of March, 1911.   No exception was taken to the charge as made.   There was no suggestion that there was any other issue to be submitted, except that counsel for plaintiffs, after the close of the charge, asked the court to charge:

"That if the jury believe John D. Primmer could not see to read on the 17th day of March, at the time of the execution of the alleged codicil, that it was incumbent upon the proponent or defendant in this case to show that the paper was read over or was made known to him before he executed it."

The court asked if there was any evidence tending to show that he could not read, and counsel responded that there was evidence that he could not see, and the court responded:

"If there is such evidence, I will charge that."

151 N.Y.S.—65

Counsel then continued, and requested the court to charge:

"That there is no evidence in the case to show that this was done, and that as matter of law, if they believe it was not done, then the codicil cannot be sustained."

The court said:

"There is no evidence in the case to show it was not done."

And counsel responded:

"Yes, sir; if they believe he could not see, and the contents of the will was not made known to him at the time of the execution, then as matter of law the codicil cannot be sustained."

The court admitted that this was true as an abstract proposition, but added:

"There is no evidence in the case tending to show that it was not done. I think the presumption is that it was done by the attorney who drew it."

No exception was taken at this point, and counsel continued:

"Also to charge that it was incumbent upon the proponent to show that the testator knew what the paper was he was signing and what it contained."

The court responded that:

If "he was blind, it would have to be read to him; that is the rule. You are right about the rule; but there is no evidence in the case showing or tending to show it was not done."

No exception was taken here, and counsel continued:

"To charge that the burden was upon the other side to do that; they seek to sustain the will."

The court responded:

"No; the burden is upon you to show that it was not done."

And to this the plaintiffs took an exception.

[2] The plaintiffs had acquiesced in the charge of the court limiting the submission to the testamentary capacity of the testator, and this exception relates wholly to a detail in the execution of the will, going to the question of fraud in its inception. Whether it is important to consider the question of the burden of proof as to an issue not submitted to the jury, it may not be worth while to determine now. There can be no doubt that the proponent of a will must satisfy the surrogate, as a condition of probate, that the same was executed with all of the formalities required by law, and that, if the testator was blind, it would be necessary to show that he was made aware of the full contents of the paper which he was executing; but these rules relate to the probate of the will by the surrogate. Section 2653a of the Code of Civil Procedure gives contestants an opportunity for a new trial of the issues, but it is provided that:

"On the trial of such issue the decree of the surrogate admitting the will or codicil to probate shall be prima facie evidence of the due attestation, execution and validity of such will or codicil."

"Due attestation, execution and validity" means lawful attestation, execution, and validity; the decree of the surrogate, unless overcome

by evidence, stands. The burden of proof is therefore upon the party asserting that such codicil is not duly attested, executed, etc. He is bound to produce evidence tending to show lack of "due attestation, execution, and validity," and in the absence of such evidence there is no issue presented. There has been one adjudication upon the question of due execution. Ordinarily that would be conclusive in the absence of an appeal; but section 2653a has provided a further opportunity for trying the issues before a jury, but it has made it a condition of such an action that the plaintiff must take upon himself the burden of showing that the original adjudication was wrong, and if there was any question as to the due execution of this will, it was for the plaintiffs to show the facts. The defendant, standing upon the original adjudication, was not bound to go over this ground again, unless the facts on which the adjudication was made were challenged. The difficulty with the plaintiffs' position is that there is an effort to apply rules governing the original probate proceeding to a special statutory privilege, where the Legislature has established different rules; and the proposition is elementary that, where the Legislature has granted a privilege subject to conditions, the privilege cannot be accepted and the conditions be rejected. Matter of Board of Water Supply, 211 N. Y. 174, 183, 105 N. E. 213.

The rule of law governing this case was correctly stated by the court, and the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.